**NOT FOR PUBLICATION**

MAR 09 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50420 |
| Plaintiff - Appellee, | D.C. No. 8:05-cr-00066-CJC-2 |
| v. | |
| SARETH TATH, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted March 1, 2010
Pasadena, California

Before: CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM, [**] District
Judge.

Sareth Tath was found guilty of thirty-five counts of violating 18 U.S.C.

§ 1347 for his participation in a scheme to defraud Medicare. On appeal, Tath

argues that the district court erred in admitting evidence concerning Revive, a

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

business Tath established after Medicare stopped paying the claims of the scheme's primary business, United Medical Supply ("UMS"). Tath also challenges the sufficiency of the evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The Revive evidence was properly admitted under Federal Rule of Evidence 404(b). *See* Fed. R. Evid. 404(b).[1] Evidence of other acts may be admitted if:

> (1) the evidence tends to prove a material point; (2) the [other] act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999). In this case, the evidence tended to prove Tath's intent to defraud Medicare and his absence of mistake. Further, the acts were not too remote in time; Tath established Revive immediately after Medicare placed UMS on pre-payment review. The government sufficiently proved Tath's involvement in the Revive venture through the testimony of co-defendant Vu Nguyen. The Revive scheme also was sufficiently

---

[1] "We review for abuse of discretion the district court's decision under Federal Rule of Evidence 404(b) to admit the disputed evidence. We also review for abuse of discretion the district court's determination under Federal Rule of Evidence 403 that the prejudicial effect of the evidence did not substantially outweigh its probative value." *United States v. Plancarte-Alvarez,* 366 F.3d 1058, 1062 (9th Cir. 2004) (internal citation omitted).

similar to the UMS scheme, in that the evidence indicated that Tath intended Revive to bill Medicare for claims generated by a UMS physician using the same claims forms used by UMS. Finally, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, and any possible prejudice was minimized by the district court's limiting instruction to the jury. *See, e.g.*, *United States v. Romero*, 282 F.3d 683, 688 n.1 (9th Cir. 2002).[2]

The district court also properly denied Tath's motion for judgment of acquittal.[3] The government was not required to prove that Tath personally submitted fraudulent claims to Medicare, only that he knowingly and willfully participated in a scheme to defraud Medicare and acted with the intent to defraud. *See United States v. Dearing*, 504 F.3d 897, 901-03 (9th Cir. 2007); *United States v. Stapleton*, 293 F.3d 1111, 1117-18 (9th Cir. 2002). Here, the evidence showed that, *inter alia*, (1) Tath recruited two doctors accounting for a substantial portion of UMS's and his own profits; (2) Tath managed these doctors' offices, where

---

[2] Because we conclude that the Revive evidence was properly admitted under Rule 404(b), we do not reach the question of whether the evidence was alternatively admissible as inextricably intertwined with the UMS scheme.

[3] We review a motion for a judgment of acquittal de novo, "viewing the evidence against the appellant[] in the light most favorable to the government to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Williams*, 547 F.3d 1187, 1195 n.6 (9th Cir. 2008).

patient recruiters were paid kickbacks, Medicare beneficiaries were brought in groups only to receive cursory examinations and prescriptions inconsistent with their conditions, and beneficiaries signed blank forms that subsequently were completed with fraudulent information; (3) Tath brought fraudulent documentation for Medicare payments from the doctors' offices to UMS; (4) Tath was on notice that patients had complained about being billed for equipment that they did not need; and (5) Tath established Revive immediately after UMS was placed on pre-payment review. In light of this evidence, a rational jury unquestionably could conclude that Tath acted with the requisite knowledge, willfulness, and intent. Therefore, his conviction is

**AFFIRMED.**